Consolidated case numbers 19-1579, Joyce Ramsey v. Comm. of Social Security 19-1581, Joseph Fortin v. Comm. of Social Security 19-1586, Michael Shoups v. Comm. of Social Security 19-1977, Vicki Harris v. Comm. of Social Security Arguments not to exceed 20 minutes per side Mr. Chermel, you may proceed for the appellant May it please the court, my name is David Chermel and I represent the disability claimants in this consolidated appeal I reserve 5 minutes for rebuttal And I wanted to mention that for me Mr. Chermel, just a moment please There is a lot of feedback with you With the microphone, a lot of mess going on Not from my end, your honor We tested this, I think Thank you So, try it again with your argument, let me see Okay Again, my name is David Chermel May it please the court, I represent the disability claimants in this consolidated appeal I reserve 5 minutes for rebuttal And for ease of reference, I'm going to refer strictly to the Shoups case In terms of the claimant, the record, and the briefs therein I want to begin by mentioning 3 points Which are not in dispute But which several district courts, including in these cases, have missed The first point is the most important point Which is that SSA admits that its actions here were unconstitutional That is not in dispute between the parties The second point, which is uncontested between the parties Is that the United States Supreme Court in Sims At pages 108 through 110 of that decision Held that a disability applicant need not raise any issue Before SSA's appeals council In order to preserve that issue for judicial review The third uncontested point is the following quote from Sims Which was mentioned by the Third Circuit's decision Well-reasoned Third Circuit decision in Circo at page 153 This is from page 108 of Sims Quote, yet SSA's regulations do not require issue exhaustion End quote Therefore, this is a situation where there were no specific statutory or regulatory rules Creating issue exhaustion or forfeiture This is why the Island Creek case that was decided by this court is not directly applicable Because that case involved a regulation that created a forfeiture rule We have no such rule here But it is interesting to read Island Creek Because what it confirms is that this court should refrain from creating issue exhaustion rules Which neither Congress nor the relevant agency have created So in the end, before I get to the points why you should rule in favor of my client I want to be clear that the only issue here is ALJ issue exhaustion It has nothing to do with exhaustion of administrative remedies My clients unquestionably did that So the Elgin case which the government talks about a lot is not directly applicable The first reason why this court should find that this severely mentally ill disability claimant Did not forfeit his appointments clause challenge by not raising it before the ALJ Is due to the nature of the SSA's hearings They are informal and non-adversarial This is not my opinion This is black and white SSA policy If the court looks at 404-900B of the regulations Or SSR 13-1P Or as confirmed twice by the Supreme Court First in Sims at page 111 And recently in the BSTEC case at 1152 SSA disability hearings are sui generis and unique In that they are non-adversarial and informal Does it make any difference Question Does it make any difference if the claimant has a lawyer at that first step of the ALJ? Well Maybe like you would know that you could object later If you lost or if you won you wouldn't object at all You just go on and collect the money What about that? Well I would say this your honor I would look at Justice O'Connor's concurring opinion in Sims Which says that given the non-adversarial And informal structure of SSA's disability adjudication system It would be improper to create two different tracks Where people who are represented have one set of rules applied to them And people who are unrepresented have a different set of rules applied to them With respect to forfeiture And that's again Justice O'Connor in Sims And I would note your honor though Is it I'm sorry yes your honor Well I wanted to make sure you completed You completed your answer to Judge Silas question and then I had one If you're not finished answering his I'll wait Well I would just add this very quickly Which is the final thing I was going to say Is that the unique non-adversarial and informal structure Is what distinguishes this case from L.A. Tucker And Jones Brothers and all the other non-disability cases SSA cites Okay and it is on that unique and non-adversarial nature That I want to dwell Because you say that it is sui generis It's non-adversarial That it almost takes on the The character of an inquisitorial Kind of system where the hearing officer Has the responsibility for developing the record Is there an obligation on the part of the hearing officer Then to address this issue or raise this issue For purposes of the completeness of the record Or is there no responsibility on the part of the hearing officer 100% as confirmed by the Supreme Court in Sims SSAs, ALJs and Appeals Council judges Have an affirmative obligation to develop the record And make arguments in the claimant's favor Irrespective of anything the claimant does And indeed this is one of the things that the Third Circuit Relied upon heavily in Circo Is that ALJs, this is not an adversarial system No one is sitting there opposing the claimant That judge has an obligation not only to decide the case But also to make arguments in the claimant's favor That is confirmed by Supreme Court precedent And agency policy And this is one of the things I wanted to note Specific to this record Justice O'Connor talks about What does the agency tell the disability applicant Let's look at page 182 of the transcript At the very outset of the hearing This judge told this severely mentally ill claimant That his hearing was informal Now the government in federal court Is saying that by contrast That this hearing was so formal That my client lost constitutional rights That he did not affirmatively assert I can't imagine a more formal hearing Than one at which you lose constitutional rights You do not affirmatively assert And what I want to point out about SSA's briefs And their 28J letters Is the absence of two words First is informal It's mentioned zero times Second, non-adversarial is mentioned only once in passing The next point I wanted to get to Your Honor Is the point of futility In Weinberger v. Southey page 767 Matthews v. Eldridge 329-330 Both of which are disability cases And this court's decision in Jones Brothers Which is a non-disability case It is recognized that an administrative applicant Or claimant Need not raise any constitutional issue To an ALJ or an administrative officer Who can't possibly provide relief We can prove futility here as a matter of law For two reasons First, there were no validly appointed ALJs In the entire United States At the time my clients had their hearings So if my client had said I want a hearing before a properly appointed ALJ The ALJ he appeared before Could not have granted that relief That is the very definition of futility But there's a second compelling reason as well Look at these emergency messages Which were hidden from claimants They've only recently become available on the internet But these emergency messages from SSA To the frontline ALJs Tells them that they are prohibited From granting any relief whatsoever To a claimant Who raises a valid appointments clause challenge The definition of futility is that There was no one else the case could have gone to And that SSA told its own judges To deny any relief The third reason why this court should find That the claimant did not forfeit His appointments clause challenge At this informal and non-adversarial hearing Is a combination of SIMS and 19-1P Again, in SIMS, the Supreme Court held You don't have to raise an issue to the Appeals Council To preserve it for federal court So the only issue is ALJ level issue exhaustion Again, SSA's regs contain no specific Issue exhaustion provision that's admitted But it's actually even worse than that for the agency Because look at SSR 19-1P SSR 19-1P is the agency's own policy Specific to appointments clause And if you look at page 3 of that The agency's policy is that a claimant Need not raise an appointments clause challenge Before the ALJ in order to obtain relief So it's not just that there's no issue exhaustion rule On the specific issue of appointments clause It's SSA's own policy that a claimant Need not raise the issue in order to obtain relief Need not raise it before the ALJ Is there a date on that? Yes, it was issued after these cases, Your Honor So, fourth point I wanted to mention Is the holding of Lucia itself Which is where all of this litigation comes out If you look at page 20-50 of the Lucia decision The issue there, the appointments clause challenge In that case was never raised before the ALJ In that case So how would it be that at an SEC hearing Which is formal, adversarial And has specific forfeiture rules That that litigant is going to be able to later on That he never raised before the ALJ But my severely mentally ill disability claimant At an informal, non-adversarial hearing With no forfeiture rules Loses his constitutional rights That can't be Final point, Your Honor This court should find that this claimant Did not forfeit his appointments clause challenge Due to the nature of the rights That the appointments clause challenge protects This is discussed very well In the Third Circuit's decision in Circo At page 152 The appointments clause challenge The appointments clause protection in the Constitution Is one that involves both individual rights But also structural considerations Related to the separation of powers That go to the very integrity of the judicial proceeding itself Therefore, the law favors resolution On the merits of such claims This is confirmed in Freitag as well Page 878-79 of that decision And even more importantly Let's look in the disability context Supreme Court decision Califano v. Sanders Page 109 In the unique, non-adversarial And informal social security disability adjudication context The Supreme Court has held That the availability of judicial review Of constitutional questions Is presumed I want to close Before you close I just want to make some clarification on something Are you arguing that A claimant Must object To the validity of an ALJ's appointment Even before knowing Whether the claimant Will be granted a hearing before an ALJ Much less Than when he knows which actual ALJ will get the hearing Because he may not get a hearing Is there a requirement to at least Challenge that or object to that At the outset? Again, your honor I would point to the Supreme Court's quote In page 108 of Sims Yet SSA's regulations Do not require issue exhaustion So there is no provision Anywhere in SSA's regulations Which require issue exhaustion And this is a key point The Supreme Court in Sims Invited the commissioner 20 years ago To create an issue exhaustion regulation If he wanted to do so And yet in the 20 years since Sims Neither Congress nor SSA Has done anything like that Did that sufficiently answer your question? Yes, you may close now Okay, thank you very much I have one question I want to ask you On a practical way I used to be a practical lawyer And if you win your position here Then the case goes back down What if you get the same ALJ you had before And you have the same Evidence What are you going to win? Well, your honor The thing I would tell you Is that under The Supreme Court's decision in Lucia And consistent with how it was ruled in Sirico As a matter of law If this court remands It must go to a new ALJ Because there's a constitutional taint That is attached to that prior adjudicator Who heard the case at a time Where they had no constitutional authority to do so In other words Harm is presumed for such structural Constitutional challenges And a new ALJ will be assigned If the case is remanded If I may close, your honors If there's no other questions SSA's actions here were admittedly unconstitutional That is beyond question The only question here Is whether this court should create A judicially imposed ALJ level issue exhaustion rule Which neither SSA nor Congress have done In the 20 years since Sims Sims itself And this court's analysis in Island Creek Confirmed that this court should exercise Judicial restraint And not create an ALJ level issue exhaustion rule Which neither the relevant agency Nor Congress have done SSA is a unique Sui generis Informal And non-adversarial regulatory structure Where such a rule would be inappropriate Finally, the government has not articulated Any reason why this court should depart From the well-reasoned decision of the Third Circuit In Sirco Where rehearing en banc was denied Without a single vote in favor Okay, counsel, thank you You still have your rebuttal Thank you Thank you, your honor And may it please the court Joshua Salzman On behalf of the commissioner It is deadlocked in administrative law That arguments that are not Timely presented to an administrative agency Are not normally available Under on subsequent judicial review That principle applies with full force To appointment clause claims As this court has repeatedly recognized In Fluchia This court recognized that in Jones Brothers And then again in a trio of Island Creek cases Wilkerson Young And And Bryant Now Given against that backdrop Yes, your honor Well Doesn't the commissioner concede That there is no regulatory exhaustion requirement For social security cases? We do, your honor We're not claiming that there is a reg on point But I'd refer this court to the Bryant decision Which notes that there are three circumstances Where issue exhaustion can be required And the third category Which Bryant absolutely reaffirms And correctly recognizes Is a long established Supreme Court precedent Is that even in the absence Of a reg or a statute There is this third category Which arises from judicially imposed forfeiture And that's traceable at least as far back As the Supreme Court's 1952 decision In L.A. Tucker But as L.A. Tucker recognizes It in fact goes back even farther than that To a number of decisions And the Supreme Court recognized That it was effectively codifying a common law rule I'd note that the Freitag decision Also did not have any statute or reg That was relied upon But the court assumed That there was a presumption of forfeiture In the Second Circuit's recent decision In the Ganella case Similarly starts from the premise That this category exists Yes, your honor Was there a question coming? Well, I wanted you to finish that Because what I wanted to ask you Given what you've said though In the Third Circuit's most recent case CERDEC Didn't the commissioner again Concede The issue of regulatory exhaustion? Well, I argued CERCO And I can tell you exactly What we did and did not concede Tell me, dude, tell me Yeah, absolutely, your honor So in CERCO we made arguments Very similar to the ones we're making here We said it's not a statute It's not a reg It's a background rule It's that third bucket That was recognized in Island Creek v. Bryant Arising under precedence like L.A. Tucker Now, what the Third Circuit The Third Circuit didn't accept that argument But the Third Circuit went awry In a couple of different ways Which I'd actually love the opportunity To walk the course through First, the Third Circuit started from the premise That appointments clause claims are different That they're not subject to normal forfeiture rules But the Third Circuit's on its own on that This court in Jones Brothers Reached the opposite conclusion And it did in Bryant as well The Second Circuit in Ganella The Tenth Circuit in several decisions Including Maloof I have a question I have a question about Jones Brothers They had a rule or a regulation Which indicated that You had to raise it early on Or you're out of luck, right? I mean, didn't they have something to go on there Besides just the rule Of what's been around a long time? Yeah, so in Jones Brothers There was a statute that mandated exhaustion But as I said, Bryant tells us That there are three categories And we know that from the Supreme Court's decision In L.A. Tucker as well That while there can be a statute Or as in the Island Creek cases There can be just a reg There can also just be This judicially created third category And I noticed, by the way That this court has previously applied Forfeiture principles at SSA In a pair of unpublished decisions The Maloney case and the Lucconi case But several other circuits Have imposed forfeiture rules In published decisions The First Circuit did that In a case called Mills v. Apfel The Eighth Circuit In a case called Anderson v. Barnhart And the Ninth Circuit did it as well In a case called Scheibe And I noticed that an interesting feature Of Scheibe Yes, Your Honor All of those cases Are similar to Maloney, right? In the sense that we're talking about Making arguments on the merits For the first time Before the court, right? I mean, these were different types of challenges Different types of issues that Were attempted to be raised For the first time before the court, right? Well, none of them involved Appointment clause claims Or claims of constitutional error And that's what Your Honor is getting at But I think if you look at Judge Sutton's well-reasoned opinion In Jones Brothers What he recognizes there Is that not all constitutional claims Are the same And that there's one thing to say Exhaustion principles don't apply When you have a spatial constitutional claim To a statute But when you have a challenge To just a procedure Something the agency has the power to fix A very different set of concerns Are implicated Well, that makes sense, counsel But how was that going to be fixed When the agency itself told its ALJs Not to grant relief on this basis? Yes, Your Honor So two things with regard to that First of all The agency always had the power to fix this This could have been fixed At a stroke of the commissioner's pen And indeed the commissioner did Or it was the acting commissioner Did appoint these ALJs In July of 2018 So the agency always had the statutory authority The constitutional authority To fix this Now you bring up the emergency messages Which were briefly in place From January of 2018 Through August of 2018 Two things with regard to those First, they post-date the ALJ hearings Of all four of the claimants here They all got their ALJ decisions Between September of 2016 And September of 2017 So this all post-dates everything But if you want to look at the emergency messages I'd encourage you to do that And you know why? Because what it shows Is that the agency said While this is in the courts We're just going to be in a holding pattern But we are going to track these cases Every one of them It's not that we want you to ignore them There's a special code That you are supposed to put in Our record-keeping system Every single time Somebody makes one of those claims And the reason I think that's so significant Is because L.A. Tucker That Supreme Court case from the 1950s Tells us that the agency's entitled To knowledge of its accumulating litigation risk And that sometimes An agency needs to know That lots of people are pressing an argument And what those emergency messages show Is the agency was very much concerned with that And was contemporaneously trying to get A handle on its exposure And to figure out Whether this issue that was being pressed By litigants and other agencies At SEC and other places That whether SSA claimants Were raising similar objections And the fact that these folks didn't Is therefore, I think, quite notable And deprived the agency of notice Of its risk from a problem That, as I really want to emphasize The agency always had the power to fix So, given Against the backdrop I'm sorry, I thought I heard questions coming Well, but the agency Made a judgment That they were subject to the same rule And fixed it On their own But, well, I think the timeline matters here You have these folks getting Their ALJ hearings in 2016, 2017 The issues out there in the world You have the first time A challenge to an SSA ALJ was raised It was in a case called Manback back in 2015 You had litigants at the SEC And other agencies Starting to raise these questions It was in the ether But these folks And most of the other folks Who would be affected By this court's ruling here Were not raising issues Before the agency Then you have So all of these cases Had reached their ALJ decision By September of 2017 The Supreme Court Granted cert around this time To hear the Lucia case And the agency Put out this emergency message And has it in a holding pattern And they said You know what, the Supreme Court Is looking at this You know, note this Don't rule on it But we want to keep track The Lucia decision comes down And then a couple of months later The agency The commissioner exercises that power That the commissioner always had To fix this problem And approve the ALJ Now, had the agency had noticed Of its accumulating litigation risk The agency might have Come to a different decision earlier But the fact that Everybody liked these claimants That on their hands Is, I think, notable And I do think Mr. Chermol Earlier Understated the responsibilities Of claimants In these hearings As cases like Maloney and Luconin From this court And Mills vs. Atwell From the First Circuit note There is some responsibility To press claims on Tina Forfeiture And I also think That when we're talking about SSA as a special place Because that was a key theme For Mr. Chermol The idea that an SSA Is inquisitorial Or it's more informal But there's something else That's special about it too And that is That it's responsible For getting millions of claims Considered every year And as the Supreme Court said In 1971 In Richardson vs. Perales We need rules that work The agency needs the ability To function And as the First Circuit Recognized in Mills vs. Atwell If you don't have exhaustion Requirements If folks can just Pop into court After the administrative Proceeding is completed And raise issues For the first time It results in havoc And it undermines The operation of the system And keep in mind When we're talking About the equities here Because Serco Applied an equitable Balancing test We're fine with that But Serco badly Misunderstood the equities The biggest mistake Serco made in that regard Is it left out A crucial set of third parties Which is the folks Who haven't even had Oh, yes, Your Honor Sorry I was muted before And tried to put a question in You've talked about The role of the claimants And I want to go back again To something that Judge Seiler raised earlier In this situation Where you have I'm assuming A high number Of pro se claimants Going before the agency To file their claims On something like this Appointment issue These people may very well Not know The lay of the land there So are you saying that In those situations As in all other situations This burden should be Uniformly, squarely placed On the claimant To exhaust At that level Keeping in mind That many of these individuals Are not going to have A way of knowing Does the system make An adjustment Through its procedures For situations like that When they may be Quite numerous So, Your Honor A few things about that First of all More than 70% of claimants Are represented in the hearing I'm not I don't want to discount That there is A significant number of folks Who aren't represented But this court Is confronted today With the question Of what to do With folks Who were represented If the court's concerned About the unrepresented folks It can follow The Ninth Circuit's lead From that Scheide case I mentioned earlier And impose And say that Forfeiture principles apply To represented parties And it can say For another day What to do With the folks Who weren't represented There's precedent For that From the Ninth Circuit For taking Just that approach So, I think At least In a context Where this court Has previously held Arguments not raised Before SSA Are subjects of forfeiture As I said It did in Maloney And Glaconin As other circuits Have done as well I think At least With counseled Claimants There's no Unfairness there And what is If The court is talking About the unfairness Though And we're balancing The equities Let's talk about The other equities At play here And the key Set of equities I want to make sure Don't get lost Because the Third Circuit Ignores them completely Is the interest Of the other folks Who haven't had A first hearing yet It takes about Two years From filing Your application Until getting Your ALJ Deficit That's a long Wait It's an Unfortunate result Of the fact That you have An agency With a tremendous Workload  To get these folks Through But it's not A fruitfully Intent Of deciding Millions of claims You have Claimants here Who Contemporaneously Had a hearing With somebody That they At the time Had no problem With If that folks If that ALJ Had awarded them Benefits They would have Been happy To accept them They didn't Breathe a word Of objection While they were Before the agency They went to District court They didn't even Raise the claim First when they Got to district court They went in Months later To file supplemental Briefs Post Lucia Raising this issue And now they Want to get back In the queue But couldn't It be said Though that they Had regards For the other People in the queue By not wanting To double back Then and take up More time They went on To a different Judicial Venue So that the people Who were already In the queue Could keep moving along So I think you Could look at that Either way Candidly Your honor I don't think That's the right way To think about it I think what you're Seeing is folks Who tried To get benefits At the agency They didn't say Anything about Appointment clause Either There's two Options Either of which I think is Particularly sympathetic Either one option Is they sat On their Rights consciously They said Hey heads I win Tails I go to Court and I get A new hearing So it's Sort of That's the Sandbagging Example The alternative Is that They slept On their Rights They didn't Recognize the Issue But they had A full and Fair hearing Before the agency At the time That they Didn't see A problem With it They went to Court And now At the 11th hour They're trying To go in And get a Do-over And it's Not just Them your Honor It's hundreds And hundreds Of other Folks And frankly When this Issue First emerged It was Potentially Tens of Thousands of Other folks And keep In mind What that does To the Wait times For those People who Haven't even Had a first Hearing yet Was there A question Coming I'm Sorry No No Judge Siler No I was going To say That all This backup Is even Better than Kentucky Because we Have all Those Eric Con Cases Which have Come back In They have To have Another Hearing I don't Know how Many Hundreds Of them There are But that Backs up Also with These cases If they All go Back in Absolutely I think There's Never Forfeiture They want You to Break with The first Circuit And say We're Extending Not just From a Narrow Decision About the Appeal Council But to Mean there's Never Forfeiture I think That's Their Frontline Argument And that's Why They Don't Take the Narrower Argument Maybe You should Just Craft A Rule And you Don't Have to Split There's Still An Issue There Because Keep in Mind When you're Talking About A Structural Defect It's Going to Pervade Every One Of These Decisions Every Year Now Fortunately Most District Courts Point Correctly In Our View Rejected These Claims When They Started Coming Into  Place I Wanted To Keep In Mind Those Folks Still Waiting For Their First Hearing Does The Court Have Any Further Questions On That Point I Know That's A Powerful Argument That You're Making But I'm Also Remembering Back To What You Said Is That The Commissioner Had The Power To Fix This With The Stroke Of A Pen And If This Is An Issue That Needs To Be Rectified I Think The Overwhelming Burden Cannot Be The Controlling Factor But Thank You For Your Argument Were There Any Other Questions From The Panel No Okay So At Bottom This Case Lies At The Intersection Of Two Lines Of Authority One Question Is Are Appointments Special The Answer Is No This Kind Of Appointments Is Something The Agency Has To Be Able To Function As This Court Has Recognized In Multiple Unpublished Opinions And Other Circuits Have Recognized In Published Opinions Even Post Them There Is An Obligation To Have A Special Rule For Appointments At SSA And It Would Be Inequitable And Also Incredibly Damaging To The System For The Court To Do So Counsel I Have A Couple Of Questions Do You Agree That The Only Circuit That Has An Opinion On Point Is The Third Circuit I Think The Only Court Of Appeals That Directly Address This Question Is Circo The Eighth Circuit Heard Argument In A Case  Which Is Very Powerful To Supreme      Issue In The Disability Court And The Supreme Court Is The Only Circuit That On Point Is The Supreme Court Is On Point Is The Only Circuit